# State of Vermont v. Wilbur J. Rickert, Jr.

[ 205 A.2d 547 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith, JJ. and Brooks, Supr. J.

Opinion Filed December 1, 1964

*John J. Boylan, Jr.,* State's Attorney, *Charles E. Gibson, Jr.,* Attorney General, and *Lewis E. Springer, Jr.* on the brief, for the State.

*John E. Harrington* and *Richard Schmidt* for Respondent.

**Smith, J.** The respondent was convicted by a jury on three felony counts of obtaining property by false token in violation of 13 V.S.A. §2002 during the September Term of Chittenden County Court, 1963. He appeals here from the judgment of conviction.

The record before us discloses that the respondent was the defendant in two criminal actions pending before the September Term 1963,

of the Chittenden County Court. The older case of the two concluded with a jury disagreement and mistrial on December 10, 1963. The instant case was then set for trial on December 11, the following day.

The appeal here is based upon the lower court's denial of various motions made in behalf of the respondent by both his personal counsel, who had appeared for him in the former action which had resulted in the mistrial, as well as court-appointed counsel who had represented the respondent in the instant case since his arraignment on November 14, 1963. All of such motions were made on the date of trial; and outside the presence of the jury.

The first motion presented prior to trial by the respondent was one for a continuance to the next term. Respondent claimed below: (1) that he would be prejudiced by a trial from the same jury panel some of whose members had sat on the prior case which had resulted in the mistrial; (2) lack of time for counsel to sufficiently prepare respondent's defense because of the shortness of time between the two causes in which respondent was the defendant; (3) counsel wished additional time to investigate the possibilities on a defense of not guilty by reason of insanity; and (4) that the respondent would be prejudiced by the publicity he had received as a result of the previous trial.

However, in the "Memorandum of Law" before us, which it is apparent respondent wishes us to treat as his brief, only three issues are presented here on the contention that the trial court abused its discretion in denying the motion for continuance. These are, that respondent lacked time to prepare his defense because of the short time intervening between the first and second trials; that respondent suffered the same lack of time due to misleading docketing of cases; that respondent was prejudiced by a jury drawn from the same array from which a jury had been drawn for his former trial.

Respondent's brief states that because of the alleged abuse of discretion on the part of the court below in the denial of his motion for continuance, he was denied a fair trial under the due process clause of the Fourteenth Amendment to the Federal Constitution.

The brief before us does not comply with Supreme Court Rule 8, Section 3, in that there appears no reference to record or transcript for support of the claims advanced. This is improper briefing and the points sought to be presented need not merit our attention. *State* v. *Haskins,* 120 Vt. 288, 293, 139 A.2d 827. However, because this is a criminal matter, and the respondent believes that a determination of

the questions presented is of fundamental right, we will relax the rigor of our rule as to briefing and consider the questions apparently sought to be presented.

The granting or denial of a motion for continuance is within the discretion of the trial court. *State* v. *Prouty,* 94 Vt. 359, 361, 111 Atl. 559. The test of an abuse of discretion in this state is failure to exercise discretion or its exercise on grounds or for reasons clearly untenable, or to an extent clearly unreasonable, and an abuse of discretion must clearly appear in order for this Court to interfere. *Richardson* v. *Persons,* 116 Vt. 413, 416-417, 77 A.2d 842.

Respondent's claim of a lack of time for preparation for his defense is that he was unable to confer with his attorney in the instant action during the six days that he was in court during trial of the former cause against him. The record here shows that respondent had twenty-six days to confer with his counsel in the instant case between the time of his arraignment and the going to trial on December 5, 1963 on the criminal charge.

Respondent and counsel both knew that the instant cause was on the trial list for that term of the Chittenden County Court, and in fact, as late as November 21, 1963, believed that it would be tried as the first case in the week of December 9th. This belief continued until December 5th, when respondent learned that the other cause against him would be first tried.

We agree that the constitutional guarantee of right of counsel also carries with it the right of counsel to prepare his client's defense. *Avery* v. *State of Alabama,* 308 U.S. 444. But, when twenty-six days have been afforded counsel and client to confer on a defense to the relatively uncomplicated charges existing here of passing bad checks, we cannot say that the lower court was unreasonable in refusing a continuance for more time for preparation, or that it acted for untenable reasons.

The misleading docket entries claimed to exist by the respondent do not appear in the record before us. We are governed by the record and matters outside the record are not considered by us. *Burlington Building and Loan Assn.* v. *Ayers et al,* 108 Vt. 504, 509, 189 Atl. 507.

We turn now to respondent's claim that the court abused its discretion in denying his motion for continuance because the jury by

which he was tried and convicted in the instant case was drawn from the same array as was the jury which had disagreed in his previous trial. The record does not disclose that the respondent challenged the general array nor questioned the competency of the venire as originally drawn to sit in the second case. The mere fact that a juryman had heard in court or outside what the verdict of the former trial was, would not operate as a disqualification. *State* v. *Prouty, supra; Green* v. *Leclair,* 91 Vt. 23, 26, 99 Atl. 244. In this instance no members of the first jury were also members of the jury that sat on the instant case.

The only citation in respondent's brief on the question raised is *Young* v. *Commonwealth,* Ky., 286 S.W.2d 893. This is somewhat dubious support for respondent's contention. The decision in the case cited was that a jury panel was not subject to a challenge on the grounds of implied bias even though it was drawn from the same array as a panel which had six days previously convicted the defendant of another crime.

In the case of *United States* v. *Commonwealth of Pennsylvania,* 81 F. Supp. 861, 871, a jury was drawn from the same array as a jury which had recently convicted a respondent on a similar charge, even though there had been a mingling of the members of both juries. A refusal to grant a continuance for bias on the facts stated above was held not be an abuse of discretion.

The fact here is that the respondent was not convicted by the jury from the same array in the first case tried. They disagreed upon his guilt. In the absence of proof, the effect of the jury's failure to convict upon the rest of the array might well have been bias in his favor, rather than prejudicial to him. The respondent has not shown here any abuse of discretion on this ground by the lower court that would call for interference by this Court in the order of dismissing the motion for continuance. The order is sustained.

Although we have considered the questions raised by the respondent relative to the denial of his motion for continuance, we take this opportunity to state that the lower court might well have denied the motion for respondent's failure to comply with County Court Rule 20, Section 1 :

> "Motions for continuance shall be accompanied by affidavits stating the reason therefor and the time when such reason was first known."

No such affidavits accompanied the motion for continuance below. This failure, alone, would be sufficient to sustain the ruling of the court below. *Richardson* v. *Persons,* 116 Vt. 413, 416, 77 A.2d 842. Such failure to file affidavits and the absence of such affidavits might also be a factor in the determination by the court of whether the motion for continuance was filed in good faith.

Although respondent has made a general statement that denial of other motions made by him by the court below was an abuse of discretion, he does not set forth such motions in his brief, nor his objections to such denials. An exception not briefed is waived. *In Re Petition of Bolduc,* 21 Vt. 20, 24, 146 A.2d 240.

The final question sought to be presented here by the respondent is that the court below abused its discretion in denying his motion to amend his plea of "not guilty" to one of "not guilty by reason of insanity."

The record shows that a motion to amend his plea to one of "not guilty by reason of insanity," with a request for a continuance, was filed by respondent with the court after the denial of the motion for continuance which we have just considered. Although there may have been some understandable confusion on the part of the lower court on whether such motion was made to allow the plea to be entered, or merely as another ground for continuance, the record establishes that respondent was denied permission to enter the plea of "not guilty by reason of insanity" at the time it was made. The record then shows that trial was commenced and that several witnesses were called by the State who testified relative to the worthless checks they had received, and the actions of the respondent relative to passing them. Attorneys for the respondent declared they would stand on their claims of error and would not present a defense for the respondent.

At the conclusion of the first day's trial, the lower court, at the bench, stated his belief that he had not denied the motion to amend the plea of the respondent. The court then, on its own volition, stated he would allow the respondent to offer evidence relative to his insanity, and would allow the respondent to call back for cross-examination those witnesses that had already testified. Attorneys for respondent again stated they would stand on the record and would present no defense. Trial was resumed on the next day but counsel for the re-

spondent did not cross-examine State's witnesses, nor did they present any testimony for the respondent at the close of the State's case.

■ Vermont, like many other jurisdictions, requires under its statutes, a special plea as to insanity. 13 V.S.A. §6561.

> "*Notice of alibi or insanity plea.* Whenever a respondent in a criminal cause pending before a municipal or county court shall propose to offer in his defense testimony to establish an alibi or his insanity either at the time of the alleged offense or at the time of trial, he shall serve upon the prosecuting attorney a notice in writing of his intention to claim such defense at least forty-eight hours before the trial of such cause. . . ."

The next section of the statute, 13 V.S.A. §6562, which must be considered in connection with Section 6561, is as follows:

> "*Failure to File.* In the event of the failure of a respondent to file the written notice prescribed in Section 6561 of this Title, the court, in its discretion, may exclude evidence offered by such respondent for the purpose of establishing an alibi or the insanity of such respondent as set forth in Section 6561."

A statute of this nature has been held to be constitutional. *People* v. *Daugherty,* 40 Cal. App. 2d 876, 256 P.2d 911, cert. denied, 346 U.S. 827.

The respondent admittedly did not comply with 13 V.S.A. §6561 in that he served no notice of his intention to claim the defense of insanity on the prosecuting officer forty-eight hours before trial. The record also shows a lack of any motion on the part of the respondent requesting the court, in its discretion, to allow evidence to be offered by him on the question of his insanity.

The purpose of a respondent in pleading not guilty by reason of insanity is to raise the issue for the determination of the jury of respondent's mental responsibility for the crime. There cannot be an issue to be tried unless there is evidence before a jury to be considered by it. The plea, while it may form an issue, does not make it a triable issue unless there is evidence to support it. A jury is concerned only with the evidence presented to them, the weight of which is for them to decide, and it is upon this alone that they must determine the question of the guilt of the respondent. *State* v. *Lizotte,* 109 Vt. 378, 387-

388, 197 Atl. 396. See also, *Whitmore* v. *Mutual Life Insurance Co.* 122 Vt. 328, 337, 173 A.2d 584.

■ When, as here, a respondent does not comply with the statute providing for the forty-eight hour notice of his intent to enter a plea of not guilty by reason of insanity (13 V.S.A. §6561) he acquires no right to present evidence in support of such belated plea without a discretionary ruling from the court permitting him to do so. 13 V.S.A. §6562. Unless the court exercises its discretion to permit the introduction of evidence on the matter of respondent's insanity, the issue of respondent's mental condition does not arise because of the exclusion of evidence on such condition. It follows that there is no issue to present to the jury. *People* v. *Hickman,* 204 Cal. App. 470, 268. Pac. 909; 22 C.J.S. Criminal Law §448; pp. 1260-1261. When an accused fails to give notice at the time required, he has no absolute right to avail himself of the insanity defense, although the court may, in its discretion, permit him to do so. *State* v. *Wallace,* 310 Or. 60, 131 P.2d 222; 22 C.J.S. Criminal Law §448, p. 1264.

The respondent never requested the lower court to permit him to offer evidence in its discretion on the question of his insanity. Although the record established that the court granted such permission on its own motion during trial, the respondent, represented by two counsel, refused to take advantage of the opportunity so offered to create a triable issue. Respondent cannot complain here of an abuse of discretion on the part of the lower court which discretion he never requested to be exercised, and which, when exercised on the court's own volition, was in his favor.

Respondent has made the broad assertion that the trial below was in violation of his rights under the due process clause of the 14th Amendment of the Federal Constitution. No argument or citation appears in his brief in support of the bare statement. In any event such determination is unnecessary to the final determination of the case before us and we will not pass upon it. *Donoghue* v. *Smith,* 119 Vt. 259, 268, 126 A.2d 93.

*Judgment Affirmed.*