## State of Vermont v. Harold W. Jackson

[ 246 A.2d 829 ]

June Term, 1968

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 1, 1968

*Robert E. West,* State's Attorney, and *Peter A. Cady,* Assistant State's Attorney, for the State.

*Earle J. Bishop, Esq.,* for the Defendant.

**Barney, J.** The facts in this case have been sufficiently set forth in 126 Vt. 250, 227 A.2d 280, where other questions were here for

review. This appeal is confined to one issue, relating to the propriety of the state's attorney's argument to the jury. The claim is that it represented an expression of the personal belief of the prosecutor that the respondent was guilty.

In *State* v. *Parker,* 104 Vt. 494, 500-503, 162 A. 696, this Court condemned, in strong language, the resort to jury arguments inflammatory in content, departing from the evidence presented at the trial, or representing an injection into the case of the prosecutor's personal belief as to the guilt of the accused. We now, in no sense, retreat from that condemnation. This stricture is directed toward the conduct of those professionally employed in representing the State before the courts of Vermont, and is a directive as to their performance of their duties. In this regard it should be enough to say that comment of such kind is to be entirely avoided. Whenever, in a given instance, this Court may determine that a particular comment does not amount to prejudice to a respondent, this is not to be taken as, in any sense, approving the particular tactic or giving dispensation for its repetition.

However, aside from our particular interest in professional conduct, we must also adjudicate between the interests of the people of the State of Vermont and those of the respondent. It is here that the rule applies that places the burden on the respondent to make an affirmative showing of prejudice. *State* v. *Parker, supra,* 104 Vt. 494, 500, 162 A. 696. It is here that it is repeatedly said that there is little profit in comparing one case with another. *State* v. *Gravelle,* 117 Vt. 238, 246, 89 A.2d 111.

Thus, the fact that the argument made by the state's attorney in this case, although different than the one in *State* v. *Parker, supra,* did have points of similarity, is not necessarily controlling. The offending argument here is stated to be as follows: that the information in this case was brought by the State's Attorney after a thorough investigation and that he was convinced that the crime had been committed.

As we have said, from the standpoint of professional practice, we are not disposed to distinguish them by approving one and condemning the other. But certain circumstances, proper for noting as pointed out in *State* v. *Gravelle, supra,* 117 Vt. 238, 246, 89 A.2d 111, do commend

themselves to our attention in evaluating the possibility of prejudice to the respondent.

In this case the jury was firmly charged that the arguments of counsel were not evidence or to be treated as evidence, that the case was to be decided only on the evidence, and that the filing of the information was not a fact to be taken against the respondent. These instructions were a strong, and, we feel, a sufficient, counter here to any effect the statement of the prosecutor may have had.

In addition, the trial court in *State* v. *Parker, supra,* 104 Vt. 494, 500, 162 A. 696, impliedly approved the improper argument in that case by overruling an objection to it. In contrast, in this case, the court took the opposite course and sustained the objection to the argument. No implicit approval is involved here.

Nor is this a case of an argument rife with improper assertions, as was the *Parker* case. To find error, we must declare that this single statement, in spite of the charge, prejudically influenced the jury, and, in the presence of the evidence recited in 126 Vt. 250, 253-254, 227 A.2d 280, still assumed persuasive significance. The respondent, in his brief, makes no demonstration of any such effect and we are not able to find prejudice.

*Judgment affirmed.*