# State of Vermont v. Bertha J. Cheney

[380 A.2d 93]

No. 22-77

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed November 3, 1977

Motion for Reargument denied November 29, 1977

*Ronald F. Kilburn*, Franklin County State's Attorney, and *David G. Miller*, Deputy State's Attorney, St. Albans, for Plaintiff.

*George E. Spear, II*, Swanton, for Defendant.

**Daley, J.** It is an offense for any person to operate any vehicle on a highway while there is .10 per cent or more by weight of alcohol in his blood as shown by chemical analysis of his breath or blood. 23 V.S.A. § 1201(a)(1). The defendant was charged and convicted by a jury for violation of this section. At trial, operation upon a highway was admitted, and the State introduced evidence, by the testimony of two expert witnesses, that the percentage of alcohol in the defendant's blood as shown by chemical analysis was .18.

The defendant contends that the trial court committed reversible error when it allowed Dr. DiVincenzo and Dr. Damkot to testify as experts even though their names were not included on the list of prospective witnesses. V.R.Cr.P. 16 requires the disclosure of prospective witnesses and their statements known to the prosecuting attorney, V.R.Cr.P. 16(a)(1), and the names, addresses, and prior criminal records

of all witnesses that the prosecuting attorney intends to call at trial. V.R.Cr.P. 16(a)(2)(E). This obligation, along with others listed in Rule 16(a) must be met upon request for this information by the defendant. *State* v. *Evans*, 134 Vt. 189, 190, 353 A.2d 363 (1976).

When the defendant was arraigned on November 22, 1976, the presiding judge ordered that the parties exchange a list of witnesses within ten days. On November 23, the defendant requested in writing a list of all witnesses that the State intended to call at trial. A week later, the defendant made a second request for this information. Finally, on December 8, the State responded by furnishing the names of four persons. This same document included the D.W.I. processing form and breath test results, as well as other reports of expert examinations and tests in the possession of the State. The names of the expert witnesses did not appear on this list and were never furnished to the defendant in writing. The State, however, contends that the names of these witnesses were revealed to defendant: first, in a voir dire examination of prospective trial jurors held approximately one week prior to trial; and secondly, by a telephone call from the deputy state's attorney to the secretary of the defendant's attorney the afternoon preceding trial. The defendant's attorney claimed that he first learned the identity of the experts to be called by the State as witnesses on the morning of the trial.

The defendant brought the entire matter before the trial court by an oral motion to suppress, in which she claimed that the State's failure to comply with Rule 16 prevented her from being properly prepared for trial. In the course of heated argument, the defendant asked that a two-week continuance be granted and that a new jury be impaneled. The trial court took judicial notice of the fact that the names of Drs. DiVincenzo and Damkot were disclosed at voir dire and offered to grant a one-day continuance to allow the defendant to depose the experts. The defendant, still insisting that the expert testimony be suppressed, refused the court's offer. Thereupon, the court denied the motion to suppress and trial ensued. During trial, the defendant renewed her objection to the admission of the expert testimony on the ground previously asserted. Following the verdict, the defendant moved for an acquittal on the basis

that the evidence was insufficient to sustain a finding of guilt. From the denial of this motion, the defendant appeals.

The State conceded that without at least the testimony of Dr. DiVincenzo relative to the chemical analysis, the evidence would not have been sufficient to sustain a conviction of the offense charged. The State also conceded that the procedure employed was not the usual procedure employed in its office. It acknowledged a continuing duty imposed upon it by the Rule for the protection of the defendant against unfair surprise. On the other hand, if it had not been for the action of the court in taking judicial notice of the fact that the names of the witnesses in question were openly disclosed at voir dire, reversal would be required.

The State's argument that the Rule does not require the information to be reduced to writing fails to impress us when viewed in light of the purposes set forth in the rule governing discovery. The record does not disclose that the State's attempted notice to the secretary was received by the defendant. Certainly one who gives notice which cannot be verified does so at his peril. In this day of wide discovery sanctioned by this Court and the Supreme Court of the United States, the conduct of the deputy state's attorney handling the case, when he knew or should have known that his case could only be established by the testimony of an expert witness, and especially when he knew the name of the expert who performed the chemical analysis, gives rise to the appearance of unfairness and gamesmanship proscribed by the rule.

However, as was stated by Chief Justice Barney in *State* v. *Evans, supra,* 134 Vt. at 192:

> Although this rule [V.R.Cr.P. 16] is intended to provide sanctions against a prosecutor who fails to abide its requirements, it ought not to reach to the exaltation of form over substance so as to become automatically error. As we have said in other connection, the misbehavior, if there be such, must be coupled with established prejudice to produce error. *State* v. *Jackson,* 127 Vt. 237, 238-39, 246 A.2d 829 (1968).

It is evident that the State did not comply with the Rule from the beginning, and the court's failure to grant the defendant's motion to suppress, or, alternatively, to grant a continuance

adequate for unhurried deposition, is in our opinion error. Based on our examination of the record, including the court's justifiable taking of judicial notice without objection that the names of the witnesses were revealed during voir dire, we are not convinced that the defendant has met her burden of affirmatively demonstrating prejudicial error. *State* v. *Jackson, supra,* 127 Vt. at 238-39.

*Judgment affirmed.*

**Billings, J.,** dissenting. V.R.Cr.P. 16(a)(2)(E) requires that the State, upon timely request, disclose within a reasonable time the names and addresses of all witnesses to be called at trial. In the case at bar, this admittedly was not done. The State admits that without the testimony of the witness whose name was omitted from the list furnished, there was insufficient evidence to sustain a conviction. Absent anything to cure the error, this is sufficient prejudice to require reversal. *State* v. *Evans,* 134 Vt. 189, 353 A.2d 363 (1976).

The admitted error could have been cured either by suppressing the evidence or by granting a continuance. V.R.Cr.P. 16.2(g). The trial court denied the motion to suppress. Initially it offered a twenty-four hour continuance, but withdrew the offer when the defendant objected to the length of time. The court then rushed to trial with the speed of the Concorde. This was an abuse of discretion to an extent clearly unreasonable, the standard mandated by *State* v. *Rickert,* 124 Vt. 380, 205 A.2d 547 (1964), and affirmatively shows prejudice as far as the defendent's rights are concerned, as required by *State* v. *Jackson,* 127 Vt. 237, 238-39, 246 A.2d 829 (1968).

The majority opinion attempts to avoid the prejudicial errors by relying on the defendant's lack of objection to the court's taking of judicial notice that the deputy state's attorney mentioned the name of the essential witness at voir dire held a week before trial. A trial court may take judicial notice of its records, but here there was no record, since no stenographic reporter was present at voir dire. In the absence of a record, the trial court could not take judicial notice of the proceedings at voir dire, and in any event, it was not the proper means of complying with V.R.Cr.P. 16, even absent an objection by defendant.

This is a case where the State flagrantly violated the rule providing for notification of trial witnesses to defense counsel, and such violation has not been cured in any manner. As a result thereof, defendant's rights were prejudiced. I would reverse defendant's conviction.