## State of Vermont v. Rodney Burnham

[484 A.2d 918]

No. 83-185

Present: **Hill, Underwood, Peck and Gibson, JJ., and Larrow, J. (Ret.),**
**Specially Assigned**

Opinion Filed September 14, 1984

162

*William J. Porter,* Windsor County Deputy State's Attorney, White River Junction, for Plaintiff-Appellee.

*William J. Donahue,* White River Junction, for Defendant-Appellant.

**Underwood, J.** Defendant appeals from an order of the District Court of Vermont denying his motion to dismiss for lack

of a prima facie case, V.R.Cr.P. 12(d), and from his subsequent conviction after a jury trial for driving under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2).

The facts before the trial court when considering the pretrial motion to dismiss follow. At 9:18 p.m. on November 19, 1982, an officer of the Hartford, Vermont, Police Department was dispatched to the scene of an auto accident. At about 9:24 p.m., the officer observed a red pickup truck off the road; the truck appeared to have struck a utility pole. The defendant, who was standing by the vehicle, approached the officer and identified himself as the driver. The defendant appeared unsteady on his feet, had bloodshot eyes and emitted a strong odor of alcohol. A breath sample was taken at about 10:15 p.m. and revealed a blood alcohol content of .22 percent. The defendant claimed to have had only two beers the entire day and said that his last drink occurred at about 8:00 p.m. that day. Four empty beer bottles were found on the floor of the defendant's pickup truck.

█ On January 14, 1983, the defendant was charged with driving under the influence of alcohol, and on January 19, 1983, defendant moved to dismiss for lack of a prima facie case. V.R.Cr.P. 12(d). Rule 12(d)(1) places a burden on the defendant to "specify the factual elements of the offense which [he] contends cannot be proven at trial." In his motion, defendant specifically noted that there was no evidence to support a retroactive inference that at the time of operation he was under the influence of intoxicating liquor. This burden of specificity prevents defendants from making frivolous or unfounded motions to dismiss and alerts both the court and the State to potential weaknesses in the case. There is, however, a corresponding burden on the State to come forward with "substantial, admissible evidence as to the elements of the offense challenged by the defendant's motion . . . ." *Id.* 12(d)(2). If the State fails to meet its burden at the hearing on the motion to dismiss, the Rule mandates that "the court shall dismiss the indictment or information without prejudice and discharge the defendant." *Id.*

Originally, the court denied the motion without a hearing,

but subsequently it granted a motion by defendant to reconsider the ruling and to hold a hearing on the Rule 12(d) motion. The court held a hearing after which written findings and conclusions were made. Once again, however, the court denied the 12(d) motion to dismiss. We note in passing that the district court was correct in holding a hearing on the V.R.Cr.P. 12(d) motion. Subsection (2), *"Hearing and Determination,"* surely contemplates that there will be a hearing on such motions.

Defendant argues on appeal that the trial court erred in the standard of proof it applied to a Rule 12(d) motion, and that the court was clearly erroneous in concluding that the accident occurred between 8:00 p.m. and 9:18 p.m. We agree, on the basis of the evidence before the court.

V.R.Cr.P. 12(d)(2) requires the State to present "substantial, admissible evidence . . . sufficient to prevent the grant of a motion for judgment of acquittal at the trial, [or] the court shall dismiss the indictment or information without prejudice and discharge the defendant." Defendant claims that the trial court erred when it applied, at a Rule 12(d)(2) hearing, a standard of proof less stringent than that required for a motion for a judgment of acquittal under V.R.Cr.P. 29(a). The trial court concluded as follows:

> "The prosecution need only show that it has enough evidence to go to the jury on the issue raised by the defendant, that is, that taking the evidence in its most favorable construction to the State it *reasonably* tends to show Defendant's guilt beyond a reasonable doubt." V.R.Cr.P. 12(d), Reporter's Notes. Therefore, the standard of proof for a prima facie motion is less than that for a motion for judgment of acquittal.

Defendant argues that the language of the Rule itself should control over the views expressed in the Reporter's Notes. We agree with this as a general principle, but here we are unable to perceive that the standard for one is any different than the standard for the other.

■ Rule 12(d)(2) refers to the standard used in a motion for judgment of acquittal, and the Reporter's Notes contain

the language quoted above in the trial court's conclusion of law. A motion for judgment of acquittal, V.R.Cr.P. 29(a), provides that the court shall grant the motion "if the evidence is insufficient to sustain a conviction . . . ." The Reporter's Notes to Rule 29(a) elaborate on this standard as follows: "the test for granting the motion remains as under prior law whether, taking the evidence in the light most favorable to the state and excluding modifying evidence, the state has introduced evidence fairly and reasonably tending to show the defendant guilty beyond a reasonable doubt." Although in practical terms there is virtually no difference in the evaluation of evidence contemplated by the statements in the Reporter's Notes following both Rule 12 and Rule 29, the Notes following Rule 29(a) seem more complete. The standard articulated in the Reporter's Notes following Rule 29(a), therefore, is applicable to review of motions under both Rule 12(d) and Rule 29(a).

Turning to the facts of the appeal from the denial of the motion to dismiss, we find a complete absence in the State's proffered evidence of the time at which the accident occurred. This case appears to be squarely controlled by *State v. Clark,* 130 Vt. 500, 296 A.2d 475 (1972). In *Clark* we observed the following:

Entirely lacking in the presentation of the State was any evidence, direct or circumstantial, of the time when the defendant had the accident. While the State offered uncontested evidence that the defendant was under the influence of intoxicating liquor at the time the police officers found him standing beside his overturned vehicle, it offered no direct evidence that the defendant was under such influence at the time of the accident, which time, as we have already seen, was unknown.

*Id.* at 503, 296 A.2d at 477. On another occasion we held that, "although proof of time of operation may be necessary in the usual case, it is not required if there is other reliable evidence which would indicate that the defendant was intoxicated while operating his motor vehicle." *State v. Willette,* 142 Vt. 78, 80, 451 A.2d 821, 822 (1982). However, no other reliable evidence

was presented by the State during the preliminary hearing on the motion to dismiss.

Looking at the evidence most favorable to the State and excluding defendant's assertion that he consumed only two beers on the day in question, we are unable to find any evidence at all of the time of operation; there was neither direct nor circumstantial evidence on which a jury could have convicted defendant. We only know that the defendant was standing near his disabled vehicle, apparently in an intoxicated state, at the time the officer arrived. We have no way of knowing when the defendant became intoxicated or the accident occurred.

Thus, the court erred in denying defendant's motion to dismiss for lack of a prima facie case, and the defendant is entitled to have his conviction vacated and the case dismissed without prejudice unless the ruling constituted harmless error. V.R.Cr.P. 52(a). The harmless error doctrine has been applied by both state and federal courts to errors of a technical nature occurring during trial.

Here the error occurred in the trial court's ruling on a pretrial motion. If the harmless error doctrine is to be applied, we can see no reason to limit the scope of the rule. Harmless error can just as easily occur in a pretrial hearing as during the trial itself.

The error here clearly became harmless when the case went to trial. Following the court's ruling on the defendant's pretrial motion (V.R.Cr.P. 12(d)), the State located an eyewitness who was able to present evidence on the element of the crime previously missing in the State's case—the time when the accident happened.

If we were to vacate the defendant's conviction because of this pretrial error and dismiss the case without prejudice, the State could bring this case again and there is little likelihood of a change in result on retrial. The eyewitness conclusively established the time of the accident and thus the time when the defendant was operating his vehicle while under the influence of intoxicating liquor.

When we consider the trial record as a whole, and the clear evidence of guilt, we are satisfied beyond a reasonable doubt that the error upon which the defendant now re-

lies was harmless. *State* v. *Nash,* 144 Vt. 427, 434, 479 A.2d 757, 761 (1984). It could not possibly have affected the jury's deliberations as they were never aware of it. See *United States* v. *Hasting,* 461 U.S. 499 (1983) ; *Chapman* v. *California,* 386 U.S. 18 (1967).

By our holding today we do not mean to infer that any violation of Rule 12 (d) is harmless per se. The trial court has a mandate under Rule 12 (d) to hear the defendant's motion to dismiss the indictment or information on the ground that the State is unable to make out a prima facie case against him or her. If the motion specifies the factual elements of the offense which the defendant contends the State cannot prove at trial, the State has the burden of establishing by affidavits, depositions, sworn oral testimony or other admissible evidence that it has the required admissible evidence as to the challenged elements of the offense charged, sufficient to prevent the granting of a motion for judgment of acquittal at trial. If the State does not meet its burden of proof the court should "dismiss the indictment or information without prejudice and discharge the defendant." V.R.Cr.P. 12 (d) (2). In the instant case, reversal would be required had the State not promptly disclosed the requisite witness and the court afforded defendant the remedies hereinafter discussed.

Defendant's final claim of error is based on an alleged failure of the State to comply with V.R.Cr.P. 16 (a) (2) (E) by calling a critical witness without adequate advance notice to the defendant. It is not disputed that the witness was essential to the State's case. The State could not have proven the time of the offense without her. Both sides also agree that the State had an obligation, as soon as possible, to disclose the names and addresses of all witnesses then known to it when requested by defense counsel or when ordered by the court, V.R.Cr.P. 16 (a), and that this obligation was a continuing one. *State* v. *Durling,* 140 Vt. 491, 500, 442 A.2d 455, 460 (1981).

Defendant insists that the issue he raises here is controlled by *State* v. *Evans,* 134 Vt. 189, 192–93, 353 A.2d 363, 365–66 (1976). It is his contention that, absent an appropriate cure, it was reversible error for the court to permit the State to call a witness, the identity of whom has not been disclosed

168

to the defendant before trial. See *State* v. *Connarn*, 138 Vt. 270, 272–73, 413 A.2d 812, 814 (1980) ; *State* v. *Cheney*, 135 Vt. 513, 515–16, 380 A.2d 93, 95 (1977) ; and *State* v. *Goshea*, 137 Vt. 69, 76, 398 A.2d 289, 294 (1979).

The State argues that it alerted defendant's counsel to the existence of this new witness promptly upon discovery so that it was not error on the part of the court to allow the witness to testify so long as it fashioned an appropriate cure to assure defendant a fair trial.

Chief Justice Barney, writing for the Court in *State* v. *Evans*, *supra*, indicated that V.R.Cr.P. 16(a)(2)(E) would not in every instance bar the testimony of a State's witness whose identity was not disclosed until the eve of trial or even during trial:

> Admittedly, there will be bona fide occasions where a witness will come to the attention of the State just before, or even during, trial. If no bad faith is involved, in the interests of justice, the testimony ought to be received. But the rights of the defendant must also be honored. Depending on the circumstances, this may range from a recess for interview or deposition purposes, to a continuance. This is for the trial court to determine.

*Id.* at 193, 353 A.2d at 366. Compare *State* v. *Howe*, 136 Vt. 53, 67, 386 A.2d 1125, 1133 (1978).

The record before us discloses that a police officer took a written statement from the witness on March 2nd but that the prosecutor did not receive the statement from the officer until after the date of the jury drawing on March 3rd. The prosecutor notified defense counsel of the identity of his witness by letter dated March 6th which defense counsel received March 9th. From March 9th until the date of trial on March 28th defense counsel made no effort to interview or depose the witness or move for a continuance.

On the day of trial, when the State indicated it would call the witness to testify, and defense counsel objected because she was not on the State's list of witnesses, the court declared a recess to permit the defendant's attorney to interview her prior to her testimony and to voir dire the jury again before the trial actually commenced. Defense counsel did in fact interview the witness during the recess, but there is no indica-

tion in the record that he took advantage of the opportunity to voir dire the jury a second time.

There was no "bad faith" involved here on the part of the prosecutor, as suggested in *Evans,* and the court fashioned an appropriate cure to alleviate any disadvantage to the defendant by the lateness of the notice. There is no abuse of discretion on the part of the court and therefore, in the interest of justice, the testimony of the witness was properly received.

*Affirmed.*