NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 7

No. 2018-125

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Addison Unit, |
| | Criminal Division |
| | |
| Robert Scales | January Term, 2019 |

Helen M. Toor, J.

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Joshua S. O'Hara, Appellate Defender, Montpelier, for
   Defendant-Appellant.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.     **REIBER, C.J.** Defendant Robert Scales appeals the trial court's denial of his motion to suppress and dismiss and his motion to dismiss for lack of a prima facie case. We reverse.

## I. Facts

¶ 2.     On the evening of February 3, 2017, a police officer with the Vergennes Police Department pulled over a car for speeding. Defendant was a passenger in the back seat of the car. The officer approached the car and requested the driver's license, car registration, and proof of insurance. As the occupants looked for proof of insurance, the officer talked with them about where they had come from, where they were going, and how they knew each other. The police

officer was suspicious of criminal activity because he knew that the road was a regular drug-trafficking route between New York and Burlington. The car had New York license plates, and the occupants said they were headed to Burlington.

¶ 3. The officer detected a faint odor of burnt marijuana and asked who had been smoking. The front-seat passenger said he had smoked marijuana earlier in the day, but not in the car. The officer then asked for consent to search the car for illegal drugs. The officer explained that the occupants could deny consent, in which case he would walk around the car with his drug-detection dog. He described his dog as an "aggressive alert dog" that might scratch the car and damage it during the search. He informed them that he could also request a search warrant, which the court might or might not grant. The driver agreed to allow the search and signed a written consent form; the other occupants, including defendant, neither objected to the search nor gave affirmative consent.

¶ 4. The occupants got out of the car prior to the search. The officer asked whether there was anything in the car that anyone did not want searched, and the occupants did not identify anything. The officer then searched the car, including a bag in the trunk. In the bag, the officer found white powder wrapped in a bag and several wax bundles, which he believed to be cocaine and heroin.[1] The bag also contained a parking ticket associated with the driver, who was the only woman in the car, and female clothing. All three occupants denied that the items were theirs. They were all arrested and charged with possession of heroin and cocaine and heroin trafficking. At some point after arrest, a search warrant was obtained for the containers in the vehicle.

¶ 5. Each occupant filed a motion to suppress and dismiss. Defendant also filed a motion to dismiss for lack of a prima facie case pursuant to Vermont Rule of Criminal Procedure 12(d). At a hearing to address these motions on January 2, 2018, the court heard testimony from

---

[1] The trial court noted that the evidence did not establish whether later lab testing confirmed these items were cocaine and heroin.

2

the police officer and received into evidence a video of the stop. The State did not admit as evidence the affidavit supporting probable cause, which included information from the police interviews of the other occupants. On January 11, 2018, the court issued a written decision denying the motions to suppress and dismiss and defendant's motion to dismiss pursuant to Rule 12(d).

¶ 6. Two months later, defendant entered a conditional plea agreement with the State. Defendant pled nolo contendere to one count of heroin trafficking and received a sentence of five years to five years and one day. The State dismissed the other charges. The plea agreement preserved his right to appeal the trial court's denial of his motion to suppress and dismiss and the motion to dismiss pursuant to Rule 12(d). Defendant timely appealed.

¶ 7. Defendant makes two challenges on appeal. First, he argues that a permissive inference alone is insufficient evidence of knowing possession to overcome the presumption of innocence, and therefore the court erred in denying the motion to dismiss for lack of a prima facie case. Second, defendant contends that the consent in this case was not voluntary, and therefore the court erred in denying the motion to suppress and dismiss. We agree that the court erred in denying the motion to dismiss for lack of a prima facie case. Because we reverse on this basis, we need not reach defendant's other claim. State v. Langlois, 164 Vt. 173, 174, 667 A.2d 46, 47 (1995) (declining to address defendant's consent claim because of reversal based on defendant's other claim).

## II. Permissive Inference

¶ 8. Defendant represents that the trial court relied on the permissive inference alone in denying the motion to dismiss. The State disagrees, pointing out that the court commented, "In any case, the fact that [defendant] was the only one who knew where the car was going, and apparently did not know the driver of the car, could be considered by the jury in deciding whether the inference was supported by other evidence." Because our review is de novo, we need not decide whether the court relied on the permissive inference alone, or whether it relied on the

3

permissive inference in combination with those two facts. See <u>State v. Graham</u>, 2016 VT 48, ¶ 9, 202 Vt. 43, 147 A.3d 639 ("The question of whether the State has met its burden [under a 12(d) motion] is one of law, which we review de novo."). We consider whether the State met its burden under 12(d) based on the record and without deference to the trial court. <u>Id</u>.

¶ 9.     Rule 12(d) provides that a defendant "may move for dismissal of the indictment or information on the ground that the prosecution is unable to make out a prima facie case against him." V.R.Cr.P. 12(d)(1). If the defendant does so, the court must dismiss the indictment or information and discharge the defendant unless the State "establish[es] by affidavits, depositions, sworn oral testimony, or other admissible evidence that it has substantial, admissible evidence as to the elements of the offense . . . sufficient to prevent the grant of a motion for judgment of acquittal at the trial." V.R.Cr.P. 12(d)(2). We review the evidence "in the light most favorable to the State, excluding modifying evidence," and determine whether that evidence "would fairly and reasonably tend to show defendant committed the offense, beyond a reasonable doubt." <u>Graham</u>, 2016 VT 48, ¶ 2 (quotation omitted); see also <u>State v. Fanger</u>, 164 Vt. 48, 51, 665 A.2d 36, 37 (1995) (noting that "standard for addressing a motion to dismiss for lack of a prima facie case is the same as the standard for a motion for judgment of acquittal").

¶ 10.     The State charged defendant with violating 18 V.S.A. § 4233(c), which prohibits a person from "<u>knowingly</u> and unlawfully possessing heroin" with an intention to sell it.[2] (Emphasis added.) Thus, the State could not overcome a Rule 12(d) motion to dismiss unless it could provide "substantial, admissible evidence" that defendant <u>knowingly</u> possessed the heroin in the car.

---

[2] The State also charged defendant with violating 18 V.S.A. § 4233(a)(2), which prohibits a person from "knowingly and unlawfully possessing heroin," and 18 V.S.A. § 4231(a)(2), which prohibits a person from "knowingly and unlawfully possessing cocaine." The State dismissed those charges as part of its plea agreement with defendant, so we focus our review on § 4233(c). However, the other two counts also require a showing that defendant acted "knowingly," and the same reasoning regarding proof of this element would have applied to these charges.

¶ 11.    When the trial court determines that such an inference is supported by the evidence, a jury may infer that the defendant knowingly possessed a drug based on the fact that the defendant was present in an automobile where a regulated drug was found.  Pursuant to 18 V.S.A. § 4221(b), with some exceptions not relevant here, "[t]he presence of a regulated drug in an automobile . . . is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such drug was found."  We have held that this is a "permissive inference," rather than a "mandatory presumption."  State v. Goyette, 156 Vt. 591, 600, 594 A.2d 432, 437 (1991); see also State v. Rounds, 2011 VT 39, ¶ 23, 189 Vt. 447, 22 A.3d 477 (explaining that Vermont "Rules of Evidence, adhering to constitutional standards, allow an inference to operate against a criminal defendant only if it is permissive—i.e. the trier of fact may discount it").  This means that the jury may, but is not required to, find "the existence of the presumed fact" based on "sufficient evidence of the basic fact."  V.R.E. 303(b)(1); see also Goyette, 156 Vt. at 602, 594 A.2d at 438.  The permissive inference "does not shift to the accused the burden of producing evidence or of persuading the trier of fact that the presumed fact does not exist."  V.R.E. 303(b)(1).

¶ 12.    At the motions hearing, defendant argued that the State had failed to show that it had "substantial, admissible evidence" regarding the "knowing" element of the charge.  V.R.Cr.P. 12(d)(2).  Defendant's attorney represented that "there's no evidence linking my client to the drugs that were found whatsoever," and he pointed out that the bag containing contraband had "women's clothing in it and a ticket belonging to" the driver, not defendant.  The State countered that both defendant and the drugs were in the car, and under 18 V.S.A. § 4221(b), those two facts created a presumption that defendant knowingly possessed the drugs.  The trial court concluded that if the evidence proved the facts on which the inference was based—the basic facts—beyond a reasonable doubt, then it was permissible for the jury to infer the presumed fact.  No additional evidence was necessary to show that the presumed fact existed.  In this case, the basic facts were that defendant and the drugs were both in the car, and the presumed fact was that defendant knowingly possessed

5

the drugs. The court reasoned that the State presented evidence beyond a reasonable doubt that defendant and the drugs were both in the car, and therefore a jury could infer that defendant knowingly possessed the drugs.

¶ 13. We agree with defendant that this was error. We stated in State v. Goyette that "if the State proves the existence of the basic fact (e.g., presence of person in car at time cocaine is found in car)," then it is permissible for a court to "instruct the jury that an inference operating against the accused permits, but does not require, the jury to find the existence of the presumed fact (e.g., knowing possession of cocaine)." 156 Vt. at 602, 594 A.2d at 438. We further held:

> If, as is the case here, the presumed fact establishes guilt or is an element of the offense, the court may instruct the jury on the inference "only if a reasonable juror on the evidence as a whole, including the evidence of the basic fact, could find guilt or the presumed fact beyond a reasonable doubt." V.R.E. 303(c). Further, V.R.E. 303(d) requires the court to instruct the jury that the presumed fact's existence, considering all the evidence, must be proved beyond a reasonable doubt.

Id. We approvingly quoted the judge's instructions to the jury that "[t]he presumption of innocence . . . comes into play here . . . and if the only evidence of guilt is this inference of knowledgeable possession, that is not enough to overcome the presumption of innocence." Id. at 601, 594 A.2d at 438 (emphasis added). Rather, the permissive inference may be applied only if there is additional evidence such that "the evidence as a whole, including the evidence of the basic fact," proves beyond a reasonable doubt that the defendant had knowing possession. Id. at 601, 603, 594 A.2d at 438-39; V.R.E. 303(c). "[T]he ultimate burden remains on the prosecution to establish a presumed fact that is an element beyond a reasonable doubt." Reporter's Notes, V.R.E. 303; see also Rounds, 2011 VT 39, ¶ 25 (noting that "in order for a jury to convict, it must unanimously find each element of a crime beyond reasonable doubt," and therefore court may instruct jury on permissive inference "only if a reasonable juror could find the presumed fact

6

beyond a reasonable doubt when considering all the evidence, including evidence of the basic fact").

¶ 14.    Nonetheless, the State argues that denying the 12(d) motion was appropriate because the court did not rely only on the presumptive fact in denying the motion to dismiss. It also relied on two findings: that only defendant knew the address to which they were going and that he did not know the driver. However, this additional evidence, even taken together with the basic facts that defendant was in the car where illegal drugs were found, is insufficient to find knowing possession beyond a reasonable doubt.  Rounds, 2011 VT 39, ¶ 25.  Thus, even considering the additional facts, the State failed to meet its burden under Rule 12(d).

¶ 15.    The State also argues that it provided sufficient additional evidence to overcome the motion to dismiss because the affidavit supporting probable cause showed that the other occupants of the car, if they testified at trial, could provide evidence that showed defendant had knowing possession.  The State makes this argument even though the State did not submit the affidavit in the motion to dismiss and the court did not consider it.

¶ 16.    We reject the State's suggestion that we rely on materials submitted to the court at any point while the case is pending, rather than relying only on what was presented to the court for the purpose of the motion-to-dismiss hearing.[3]  According to Rule 12(d), the State must affirmatively present to the court that "it has substantial, admissible evidence as to the elements of the offense challenged by the defendant's motion." V.R.Cr.P. 12(d)(2).  Thus, we must evaluate on review whether the evidence actually presented to the trial court regarding the motion to dismiss was sufficient to meet the standard of Rule 12(d).  Cf. Fanger, 164 Vt. at 52, 665 A.2d at 37-38 (1995) (observing that "[n]ormally, a prima-facie-case ruling is made solely on evidence offered

---

[3]  Because we decide that we cannot consider the affidavit, we do not address whether the State would have met its burden if it had submitted it.  See Town of Stowe v. Stowe Theatre Guild, 2006 VT 79, ¶ 17, 180 Vt. 165, 908 A.2d 447 (declining to reach "hypothetical arguments").

7

by the State" and holding that court must also consider evidence offered by defendant); State v. Burnham, 145 Vt. 161, 163-65, 484 A.2d 918, 920-22 (1984) (holding that "[i]f the State fails to meet it[s] burden at the hearing on the motion to dismiss," Rule 12(d) requires dismissal and concluding court erred in refusing to dismiss because State produced insufficient evidence "during the preliminary hearing on the motion to dismiss" (emphasis added)).

¶ 17.　Based on the evidence actually presented, we agree with defendant that there was insufficient evidence to show he had any connection with the drugs except for his presence in the car. If anything, the evidence presented at the hearing—which included testimony that the bag also contained female clothing and a parking ticket associated with the driver—tended to show that the bag and its contents did not belong to defendant. The permissive inference alone, or taken together with the court's findings, were insufficient to establish guilt or an element of the offense. See V.R.E. 303(d). Thus, the State failed to meet its burden under Rule 12(d), and the court erred in denying the motion to dismiss for lack of a prima facie case.

The motion to dismiss is reversed and the defendant's conviction is vacated.

FOR THE COURT:

_____

Chief Justice

8