## State of Vermont v. Janice D. Woodard

[300 A.2d 558]

No. 12-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 6, 1973

*Kimberly B. Cheney,* Attorney General, for the State.

*Adams & Meaker,* Waterbury, for Defendant.

**Barney, J.** The respondent was convicted, after a jury trial, of altering three checks. The matter is here on appeal. The allegations of error relate to the failure by the prosecution to call an accountant who conducted an audit revealing a shortage in the accounts, to the admission of certain testimony claimed to be inadmissible hearsay and to the failure of the trial court to charge that reasonable doubt could be based upon a lack of evidence in the case.

The respondent worked in the finance office of the Vermont State Hospital. Part of her work related to the disbursement of money from the "Patients Trust Fund", so-called. The operation of this fund required the assembling of draft requests from patients by nursing service personnel. These requests were turned over to the respondent who prepared

checks for the signature of a proper officer. These checks were cashed from hospital funds and distributed to the requesting patients by the nursing supervisor. The checks were ultimately charged against the trust account established for the patients' funds in a local bank.

The criminal activity established by the evidence to the satisfaction of the jury was quite simple. If the amount requested for the patients came to an amount such as fifty-eight dollars, the respondent would prepare the check for signature by the proper officer in that amount, but allegedly being careful to leave room to enlarge the amount by one hundred dollars in both the spelled-out and arabic numeral portion of the check. The check having been duly signed and returned to the custody of the respondent, it would then be raised, then cashed. Presumably only the correct amount would be turned over to the nursing supervisor. Evidence was also introduced to establish that there was a $1,679.00 shortage in hospital accounts including the patients' trust fund.

This last evidence is said by the respondent to be improperly in the case as hearsay, and so prejudicial in content as to be reversible error. The testimony objected to was elicited from the administrator of the hospital on redirect examination by the prosecutor, following cross-examination by respondent's counsel. The administrator did not conduct the audit, and so testified. Without extensively reciting the cross-examination, it came down to some final questions asking whether or not the financial results of the audit were inconclusive. The testimony of the witness was that the results were inconclusive in that all postings were not checked back to the previous audit (ten years previous), but conclusive in the sense that a shortage was demonstrated. The witness was then asked if the auditors were able to determine the nature of the shortage, to which the reply came back "Not entirely, no." That ended the cross-examination.

On redirect, the witness was asked in what respects the audit was conclusive. The answer came back that some money was found missing in the amount of $1,679.00, and as to this the audit was conclusive. This is the testimony the respondent argues here to have been admitted in error.

■ The position of the state is that it concedes that the administrator's evidence relating to the audit was hearsay, and, furthermore, irrelevant, but can be received on the basis of the rule of *Andrews* v. *Watkins' Estate,* 104 Vt. 321, 328, 160 A. 176 (1932). This rule gives a party a right to put in rebutting evidence, otherwise collateral, to meet and counteract evidence of a collateral fact introduced by the other side. *Children's Home* v. *State Highway Board,* 125 Vt. 93, 99, 211 A.2d 257 (1965). The several versions of this so-called doctrine of curative admissibility are discussed in 1 J. Wigmore *Evidence* § 15 (3d ed. 1940).

■ This case does not test the limits of this doctrine. The evidence under challenge is not new or separate evidence, but reexamination of the same witness on a subject introduced by the respondent. Being the one who introduced the evidence that the audit showed a shortage, the respondent is in no position to complain if limited further examination on the same subject exposed the amount of that shortage. Some cases might, because of excessive prejudice, require an exclusionary ruling from the trial court. See *Children's Home* v. *State Highway Board, supra,* 125 Vt. at 99–100. The evidence here did not depart from that of the respondent to any significant degree, and the respondent cannot complain of its admission. A party cannot take inconsistent positions with respect to evidence he tenders for consideration. *State* v. *Slack,* 69 Vt. 486, 491, 38 A. 311 (1897).

■■ The respondent also complains that the state did not put the accountant who conducted the audit on the stand as a witness. He relies on *State* v. *Morse,* 127 Vt. 137, 138, 241 A.2d 328 (1968). That case does not require the state to produce and present every witness related to a transaction. Of course it cannot secrete or conceal witnesses or evidence, or otherwise make them unavailable. In this case, just as in the *Morse* case, the existence of the witness was equally known to the respondent, and the witness equally available to process.

The auditing firm was situated in Bradford, Vermont. The brief of the state reveals that a copy of the audit was

furnished the respondent, along with a list of witnesses, including the accountants. Nowhere in the record furnished is there disclosed a request to the court for the production of the witness, nor did the respondent seek the aid of process to call the witness on his own account. With no action by the state or the court foreclosing his right to produce witnesses on his own behalf, the respondent cannot claim invalidating error in the proceedings here, any more than error could be shown in *State* v. *Morse, supra,* 127 Vt. at 139. The similar circumstances require a common result.

■ The respondent sought to have the trial court charge in substance that reasonable doubt may be based upon a lack of evidence as well as upon all the evidence presented. Such a charge would not be incorrect, but, in the view of this Court, is certainly unnecessary. Since the very burden of the state is to produce evidence of guilt beyond a reasonable doubt, it should require no comment to indicate that the most significant failure of evidence is a failure to produce enough. It is certainly the duty of the jury to weigh all of the evidence in the case, which of necessity must bring before it any want or lack in that evidence with respect to the state's burden. We are confident this jury, as have numberless juries before it, took voids and shortages into account in weighing evidence. No error has been made to appear.

*Judgment affirmed.*