## State of Vermont v. Perley Bubar

[505 A.2d 1197]

No. 83-163

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed December 6, 1985

Motion for Reargument Denied January 9, 1986

*John A. Rocray*, Windham County State's Attorney, and *William E. Kraham*, Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*Nancy E. Kaufman*, Montpelier, and *Charles S. Martin*, Barre, for Defendant-Appellant.

**Allen, C.J.** This is an appeal from a conviction of sexual assault in violation of 13 V.S.A. § 3252(1)(A). We affirm.

The defendant first contends on appeal that the trial court improperly admitted the complainant's testimony concerning the effect of the attack on her subsequent mental state, as well as the testimony by the complainant's counselor about rape trauma syndrome, which describes post-attack symptoms commonly experienced by rape victims. The testimony was offered and accepted by the court as relevant to the ultimate issue of whether the rape had in fact occurred. The defendant contends on appeal that the evidence should have been excluded because it was irrelevant and prejudicial.

The record indicates that the defendant failed to object to the complainant's testimony at trial, and objected to the counselor's testimony solely on the grounds that the counselor had been insufficiently qualified as an expert witness. An objection on one ground does not preserve an appeal on other grounds. *State v. Bissonette*, 145 Vt. 381, 392, 488 A.2d 1231, 1237-38 (1985); V.R.E. 103(a). The defendant's failure to raise these claims at trial therefore precludes appellate review in the absence of plain error. *State v. Mecier*, 145 Vt. 173, 177-78, 488 A.2d 737, 740-41 (1984).

■ To demonstrate plain error, the appellant must show that the trial court's errors "strike at the very heart of a defendant's constitutional rights or adversely affect the fair administration of justice." *Id.* at 178, 488 A.2d at 741. When, as here, an appellant claims plain error in the admission of prejudicial evidence, the appellant must demonstrate that the judgment was substantially affected by admission of the testimony. *State v. Moran,* 141 Vt. 10, 20, 444 A.2d 879, 884 (1982). Such a showing has not been made in this case.

There was more than sufficient evidence of the defendant's guilt notwithstanding the rape trauma syndrome testimony by the complainant's counselor and the testimony by the complainant about her mental state after the alleged rape. The State's case focused on the victim's testimony concerning the events surrounding the rape itself, and testimony about her subsequent mental state was a minor part of the overall evidence. Further, the victim's testimony about the attack was corroborated by evidence independent of the conselor's testimony. The complainant's testimony about her subsequent mental state was thereby relegated to a secondary role in the overall presentation of the State's case.

■ We do express concern that the counselor, by testifying as an expert on rape trauma syndrome, lent an improper "aura of special reliability and trustworthiness" to the complainant's testimony about her subsequent mental state. *State v. Saldana,* 324 N.W.2d 227, 230 (Minn. 1982). Coming from an expert, this evidence could no doubt have led the jury to believe that the victim was suffering from rape trauma syndrome, and to thereby infer that she was raped. Overall, however, that testimony played a minor role, serving only to provide a context for the victim's testimony about her post-traumatic mental state. Further, the transcript suggests that neither side focused on this inference as crucial to the State's case. The state's attorney made no mention of the counselor's testimony in closing argument, and the appellant's counsel did not attempt to rebut the inference in his closing argument. Again, the focus of the evidence in this case was on the victim's testimony of the actual rape and the testimony corroborating that evidence. In *Moran, supra,* 141 Vt. at 20, 444 A.2d at 884, this Court found plain error when other testimony was unable to overwhelm the claimed prejudicial testimony. In this case, by contrast, there is substantial independent evidence

of the defendant's guilt which does overwhelm the effect upon the verdict that might have arisen from complainant's testimony about her subsequent mental state and the counselor's testimony about rape trauma syndrome. Accordingly, the admission of that evidence, if erroneous, was not plain error.*

The defendant also challenges the trial court's ruling that the counselor was qualified as an expert witness. While the defendant also argues that the counselor's testimony was inadmissible as the opinion of a lay witness, it is apparent that the trial court considered her to be an expert. The court stated in its ruling:

> She's—sometimes known as a skilled witness, although she's not the formally trained expert that one might get if we're talking about psychiatry, formal training and formal certification is certainly not necessary for the area that we're talking about here.

It is clear that the trial court accepted the witness's testimony as that of an expert who had acquired expertise through "skill, knowledge or experience," despite the lack of "a particular professional certification," *O'Bryan Construction Co.* v. *Boise Cascade Corp.*, 139 Vt. 81, 89, 424 A.2d 244, 248 (1980), and not as the opinion of a lay witness in connection with facts observed by her. See *State* v. *Persons*, 114 Vt. 435, 437-38, 46 A.2d 854, 856 (1946); see also V.R.E. 702 (Witness may be "qualified as an expert by knowledge, skill, experience") and the Reporter's Notes ("The . . . rule is intended to embrace not only witnesses having technical expertise but so-called 'skilled witnesses' as well—those having any relevant special knowledge . . . .") (not in effect at the time of trial).

■■ The competency of an expert witness is a question to be determined by the trial court within its sound discretion. *O'Bryan Construction Co.*, *supra*, 139 Vt. at 89, 424 A.2d at 248. The counselor testified that she had assisted four rape victims over the course of four and one-half years, had attended several training sessions concerning, inter alia, the problems of rape victims, and had familiarized herself with the literature on the subject of the effects of rape upon the victim. Based on this testimony, the

---

\* It is unnecessary to determine if the admission of the rape trauma syndrome was erroneous because the question was not properly preserved for appeal, and there was substantial other evidence of guilt.

trial court found that the witness was qualified as an expert on "the symptoms of a rape victim following the incident." The ruling was not an abuse of discretion.

The defendant's third claim of error is that the prosecutor's closing argument denied him a fair trial because he appealed to the jury's sympathy, passion, and prejudice. Specifically, the prosecutor argued that photographs of the complainant's kitchen, neat and tidy despite her poverty, demonstrated the "same self-respect and dignity and honesty" as demonstrated by the complainant on the stand. He asked the jury if it had "given any thought to how difficult it was for her to sit up here and do what she did" by testifying. He accused the defendant of trying to take away her "self-respect and her dignity as a woman" in "the most obscene experience that one human being can impose on another." He repeated a witness's description of the complainant as looking like "a fawn with a broken leg" and reminded the jury of the continued effects of the rape upon the complainant. Finally, he concluded:

> This woman was raped, you know it and you know who did it. Give you a little credit and give her some satisfaction and let her know that there is justice and show us as a jury that you are not afraid of the truth. That's all I ask. Thank you.

The defendant neither objected to any of the prosecutor's closing argument nor asked for a curative instruction, and again must, therefore, demonstrate plain error to prevail on appeal. *State* v. *Curtis*, 145 Vt. 552, 553, 494 A.2d 143, 144 (1985); *United States* v. *Young*, 470 U.S. 1, 14, 105 S. Ct. 1038, 1045-46 (1985).

This Court has often condemned arguments made to the jury in which the prosecutor makes inflamatory statements or appeals to the sympathies of the jury, or injects into the case his personal belief as to the guilt of the accused. *State* v. *Riva*, 145 Vt. 15, 20, 481 A.2d 1060, 1063 (1984); *State* v. *Bailey*, 144 Vt. 86, 100-01, 475 A.2d 1045, 1053-54 (1984); *State* v. *Jackson*, 127 Vt. 237, 238, 246 A.2d 829, 829 (1968). To prove prejudice under the plain error standard of review, however, the defendant must show that the prosecutor's remarks were not merely improper, but that they probed the outer boundaries of impermissible conduct.

The prosecutor's argument that it was difficult for the complainant to testify as she did was a permissible argument as to credibility. It did not, as the defendant claims, violate the rule

that the jury cannot be asked to put themselves in the victim's place, as was found in *State* v. *Bailey, supra,* 144 Vt. at 100-01, 475 A.2d at 1053-54. Nor did the remainder of the argument constitute a prejudicial appeal to the sympathies of the jury.

The latter comments did approach the line of impermissible conduct, for the prosecutor came close to stating his personal belief as to the guilt of the accused. Nonetheless, when viewed within the context of the trial as a whole, including the substantial evidence of the defendant's guilt, it cannot be said that the remarks were so prejudicial to the defendant's interests as to require reversal. Compare *State* v. *Moran, supra,* 141 Vt. at 20, 444 A.2d at 884.

This holding in no way represents a retreat from previous holdings which condemn improper prosecutorial conduct. To the contrary, as was earlier said in *Jackson, supra,* 127 Vt. at 238, 246 A.2d at 829-30, "[w]henever, in a given instance, this Court may determine that a particular comment does not amount to prejudice to a respondent, this is not to be taken as, in any sense, approving the particular tactic or giving dispensation for its repetition."

The defendant also claims that the trial court erred at the sentencing hearing in allowing the prosecutor to testify that the defendant's wife told him the defendant would be willing to plead guilty in return for sentencing consideration. He argues that this testimony went beyond the scope of cross-examination, and violated V.R.Cr.P. 11(e)(5)(D), which requires the exclusion of evidence of plea negotiations under certain circumstances.

█ The prosecutor was called by the defendant as his witness. The defendant himself first elicited the testimony of his wife's incriminating statements which became the source of the cross-examination testimony which the defendant now attacks. A party cannot take inconsistent positions with respect to evidence he tenders for consideration. *State* v. *Woodard,* 131 Vt. 94, 97, 300 A.2d 558, 560 (1973); *State* v. *Diamondstone,* 132 Vt. 303, 308-09, 318 A.2d 654, 658 (1974) ("The defendant cannot maintain error by pointing to direct testimony offered by the state's witness when he elicited the same testimony in cross-examination for his own purposes."). Having used the substance of the conversation in an attempt to disqualify the prosecutor, the defendant cannot now complain of its admission.

Finally, the defendant claims that the sentencing court exceeded its statutory authority, and violated his constitutional rights, by ordering that his probation be subject to the special condition that he not be in the presence of a female person other than his wife unless another adult person is present.

█ Title 28 V.S.A. § 252(b)(13) permits the court to impose "any . . . conditions reasonably related to his rehabilitation." The State concedes that the condition, if it were subject to rigid enforcement, could do the defendant more harm than good, but maintains that a narrowing interpretation can be made if and when a violation is alleged. This analysis is not persuasive, for the defendant is entitled to know what conduct is forbidden before the initiation of a probation revocation proceeding. Compliance with probation terms may not be put beyond the probationer's control. See *State* v. *Hale*, 137 Vt. 162, 164, 400 A.2d 996, 997-98 (1979) (conviction of offense committed prior to being placed on probation cannot constitute breach of probation condition). Although the court has great discretion in setting conditions of probation, that discretion was exceeded here.

*The judgment and sentence are affirmed, and the special condition of probation is stricken.*