**In re D.C., Juvenile**

[648 A.2d 816]

No. 92-226

March 1, 1993. Father appeals two family court orders, an order finding the juvenile, D.C., to be in need of care and supervision and an order of disposition restricting father's visitation rights. We reverse.

D.C. lived with both of her parents until they separated shortly before her fourth birthday. D.C. was toilet trained at the early age of eighteen months. When she was two years old, she began to regress and would soil her pants as often as a dozen times a day. The parents argued over the appropriate method of handling D.C.'s regression. Mother would get angry with D.C. and punish her by forcing her to sit on a toilet. Father believed this punishment was too harsh. When she was two years old, D.C. developed encopresis, a disorder in which constipation or impaction causes a child to be unable to control bowel movements, and enuresis, a failure to control urination. A child with the disorder of encopresis develops dry, impacted stool which blocks the anus. Watery feces leak out around the impacted stool causing involuntary soiling of the child's underpants.

When the child was four and a half, her maternal grandfather witnessed D.C. coming out of the bathroom with feces on her legs. He took her into the bathroom to clean her up and observed feces splattered on the walls. When he confronted D.C., she responded, "I had to get it out." When he asked her what she used to get it out, she showed him a small stick, with a circumference smaller than a pencil. When he asked her why she had used the stick, she responded that her daddy had done the same thing. That night, D.C. responded to her mother's questions about the incident by stating, "It's OK, Mommy, because Daddy does it." In subsequent discussions with her mother, the child repeated her account that her father had inserted the stick into her anus. Based on these statements made by the child and on expert testimony that the child met some profile characteristics of a sexually abused child, the court concluded that father had sexually abused D.C.

Father contends that the court's conclusion that he sexually abused his daughter was not supported by the evidence or the findings. Three factors combine in the present case to require reversal. First, there was no finding suggesting that the father's use of the stick was sexually motivated. Second, there was a finding suggesting a nonsexual motivation for the stick incident, that the father was attempting to assist the child to defecate by removing hardened stool that was obstructing the anus. Finally, the basis of the sexual abuse claim was limited to this one stick incident, supplemented by expert testimony that the child met some of the nonspecific characteristics of an abused child. Expert testimony regarding nonspecific profile characteristics is not sufficient to support an inference that father's motivation or intention was sexual. Cf. *State v. Bubar*, 146 Vt. 398, 401, 505 A.2d 1197, 1199 (1985) (in criminal proceeding, trauma syndrome evidence is not admissible to support an inference of defendant's guilt). The insertion of a stick into a child's anus is not per se an act of sexual abuse. There must be some evidence of a sexual motive or intent for a finding of sexual abuse. In the instant case, there was no finding of sexual motive or intent; therefore, the conclusion that father sexually abused D.C. is not supported by the findings.

The matter is remanded for a determination of whether the conduct, absent a conclusion of sexual abuse, constituted abuse within the meaning of 33 V.S.A. § 5502(a)(12). The re-

610

quirements that father admit to sexual abuse, participate in sex offender treatment and submit to a psychosexual evaluation, however, cannot be supported by a conclusion of nonsexual abuse.

*Orders finding D.C. to be a child in need of care and supervision and deciding the disposition of D.C. are vacated and the cause is remanded.*