638 A.2d 929

DARRYL GLOVER, APPELLANT, v. NEW JERSEY
STATE PAROLE BOARD, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 8, 1994—Decided March 24, 1994.

Before Judges PRESSLER, DREIER and KLEINER.

*Susan L. Reisner,* Acting Public Defender, attorney for appellant (*J. Michael Blake,* Assistant Deputy Public Defender, of counsel and on the brief).

*Deborah T. Poritz,* Attorney General, attorney for respondent (*Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Michael Carlin,* Deputy Attorney General, on the letter brief).

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

Appellant Darryl Glover appeals from a determination of the New Jersey State Parole Board unilaterally denying him the full amount of the jail-time credit stipulated by the trial judge in the judgment of conviction pursuant to *R.* 3:21-8. We reverse.

Pursuant to a plea negotiation, Glover pleaded guilty on December 18, 1991, to a charge of possession of heroin with intent to distribute. The State's undertaking included, among other terms, the recommendation of a six-year custodial sentence to run concurrently with the sentence Glover was then serving in Pennsylvania following his drug conviction there. At the sentencing proceeding held on March 6, 1992, a six-year concurrent term was imposed, and the question of jail-time credits was addressed. The presentence report indicated jail-time credit pursuant to *R.* 3:21-8 of 153 days, the period of time between October 17, 1991, and

March 6, 1992, that defendant spent in custody in New Jersey awaiting disposition of the charges against him. He was, during that time, also serving his previously imposed Pennsylvania sentence.

The trial judge made clear his intent to allow the 153–day credit, and there was no objection thereto by the State. The dispute, rather, was whether defendant was entitled to an additional credit of approximately 240 days on his New Jersey sentence for the time he spent in custody in Pennsylvania between his arrest there and the imposition of sentence there. His argument was that he would have been released on bail during that period but for the filing in Pennsylvania of a detainer based on the New Jersey charge. Glover also argued at the New Jersey sentencing hearing that he was entitled to gap-time credit pursuant to *N.J.S.A.* 2C:44–5b since the prior Pennsylvania sentence had been imposed on a crime committed after the New Jersey crime had been committed. The trial judge rejected both of these claims.

Glover appealed from the judgment of conviction, complaining only of the denial of the additional credits he sought. The State did not cross appeal from the allowance of the 153–day jail credit and no issue respecting it was raised. The matter was heard on the court's oral sentencing calendar on December 12, 1992, and the judgment of conviction was affirmed.

During the pendency of the direct appeal, Glover apparently learned that the Parole Board, in calculating his parole eligibility date, had decided not to give him the 153 days of credit specified in the judgment of conviction, but only twelve days. His attorney made inquiry, and by letter dated December 9, 1992, was advised by the Board that Glover was not entitled to credit for the time spent in New Jersey during which he was also serving the Pennsylvania sentence and, therefore, that the Board would not consider the judicially allowed credit in the determination of his parole eligibility date. It is from that decision that Glover now appeals. We note that he has been paroled during the pendency of this appeal but we do not regard the appeal as moot since the

amount of the credit affects not only the parole eligibility date but also the calculation of the date of expiration of the full sentence.

As we view the matter, the primary issue before us is not whether the 153-day credit was correctly or incorrectly allowed by the trial judge. The issue, rather, is whether the Parole Board may unilaterally choose to disregard a judgment entered by the Superior Court of New Jersey because of its substantive disagreement with it. To put the question is also to answer it. We appreciate the scope of the Parole Board's statutory and discretionary authority conferred by the Parole Act of 1979, *N.J.S.A.* 30:4-123.45, *et seq.*, and its predecessors. The Parole Board does not, however, have either the discretion or the authority to ignore judgments of the court. It can no more unilaterally disregard the allowance of jail credit set forth in the judgment of conviction than it could alter the term of imprisonment imposed by the court because it thought the sentence was wrong. In short, the Parole Board's obligation is the administration of the parole process for each defendant but within the parameters of and in compliance with the terms of the sentence imposed by the trial court.

We recognize, of course, that an illegal sentence may be corrected at any time. *See, e.g., State v. Jurcsek,* 247 *N.J.Super.* 102, 588 *A.*2d 875 (App.Div.), *certif. denied,* 126 *N.J.* 333, 598 *A.*2d 891 (1991). We also recognize that the Parole Board has an interest in the sentence imposed at least to the extent of determining parole eligibility dates and parole release issues. But we are also satisfied that the parties primarily in interest are the State by its prosecutorial authority and the defendant. Their interest is immediate and adversarial; the Parole Board's is administrative. Moreover, issues beyond mere correction may well be involved when an illegal sentence is imposed. The viability of a plea agreement, for example, may depend on the legality of the sentence which the State undertakes to recommend and to which the defendant agrees to submit. Moreover, a comprehensive sentencing scheme may be frustrated by the judge's misapprehension of the legality of one of its components.

We believe that a fair accommodation of all legitimate interests, consistent with due process and applicable standing principles, requires the making of a formal. motion to the trial judge for resentencing based on an asserted illegality in the sentence imposed by the judgment of conviction. We are further of the view that the motion should properly be made by one of the parties to the criminal action. The proper procedure for the Parole Board to employ when it deems a sentencing provision of the judgment of conviction to be illegal is so to notify the judge and the parties. We have no doubt that such notification will result in correction at the behest of the prosecutor, the defendant, or the judge sua sponte. We deem it neither necessary nor appropriate for the Parole Board itself to be a party to the proceeding. Nevertheless, as in the case of all judgments of conviction, it is bound by those it challenges as well as by those it does not until a resentencing order is entered.

Since, as we have noted, defendant has already been released on parole, the issue before us has lost some of its urgency. The question of the propriety of the challenged credit will arise only if defendant violates parole or if his "max-out" date becomes pertinent in a future proceeding. We leave it to the trial judge, the prosecutor and the defendant, or any of them, to initiate such proceedings as any thinks appropriate in respect of the judgment of conviction. We add that the only sentencing issue subject to further consideration is that of the 153–day credit. The gap-time credit issue now raised by defendant was considered by this court on the direct appeal and is, therefore, now foreclosed.

The administrative determination of the Parole Board here appealed from is reversed.