**STATE of Vermont v. Richard George BENSH**

[719 A.2d 1155]

No. 97-338

August 31, 1998. Defendant Richard G. Bensh appeals a district court's determination that he was in violation of probation conditions when he was observed consuming alcoholic beverages. Defendant argues that, because he had completed his parole period, he was no longer on probation and subject to its conditions. We affirm.

In March 1994, defendant was convicted for a third time of driving while under the influence of alcohol. He was sentenced to two to five years of incarceration, all suspended but one year. At the time of sentencing, the court issued a probation warrant — which defendant signed — placing defendant on probation until further order of the court. As a condition of his probation, he was required to refrain from purchasing, possessing, or consuming alcoholic beverages.

Defendant began serving the one-year unsuspended portion of his sentence in May 1994. On November 23, 1994, defendant was placed on parole. The parole agreement also contained the condition that defendant refrain from purchasing, possessing, or consuming alcoholic beverages during the term of his parole. Defendant completed his parole without incident in May 1995.

Defendant's probation officer petitioned the court in December 1996 to discharge defendant from probation. The petition was denied by the court on December 20, 1996, citing the seriousness of the offense for which defendant was sentenced.

On April 18, 1997, defendant was cited for consuming alcohol in violation of his probation agreement. Following an admission to the conduct alleged in the violation complaint, the court revoked defendant's probation. The court sentenced defendant to serve his underlying sentence. This appeal followed.

Defendant's argument, that he had completed parole and could no longer be held on probation, is without merit. Parole and probation are separate obligations that offenders fulfill independently of each other. See *Miner v. Chater*, 137 Vt. 330, 335, 403 A.2d 274, 277 (1979) (holding parole and probation are fundamentally different). Parole is "the release of an inmate to the community by the parole board before the end of his sentence subject to conditions imposed by the board and subject to the supervision and control of the commissioner." 28 V.S.A. § 402; see *Miner*, 137 Vt. at 334, 403 A.2d at 277 (parole is alternative way of serving out sentence of imprisonment). Whereas the court imposes sentences within the limits established by the Legislature, parole follows the imposition of

sentence and is a purely legislative function. The Parole Board is authorized to decide which eligible inmates will be paroled into the community. Parole, however, does not diminish a judicially-imposed sentence or in any way affect it. A person on parole remains subject to the sentence of commitment to the Department of Corrections for the period of time specified by the court. Parole alters only the method and degree of confinement during the period of commitment. See *People v. Williams*, 361 N.E.2d 1110, 1114 (Ill. 1977).

Probation, on the other hand, is a procedure under which an offender found guilty of a crime upon verdict or plea is released by the court, without confinement, subject to conditions imposed by the court and subject to the supervision of the commissioner. 28 V.S.A. § 201. During the probation period, a defendant agrees to meet certain conditions imposed by the court in order to avoid incarceration. See *Sherwin v. Hogan*, 136 Vt. 606, 609, 401 A.2d 895, 896-97 (1979) (holding that probation is contractual in nature). Failure to meet those conditions may result in revocation of probation. See 28 V.S.A. § 303 (setting forth grounds for revocation). While a parolee is in execution of his sentence, a probationer is not. See *Miner*, 137 Vt. at 335, 403 A.2d at 277.

A court need not specify a definite period of probation. Instead, as in this case, a defendant may simply be placed on probation until further order of the court. 28 V.S.A. § 205(a). Only a court may release a probationer from an indefinite period of probation when such discharge "is warranted by the conduct of the offender and the ends of justice." 28 V.S.A. § 251. Thus, if no period is specified, probation may last longer than the original sentence. See *Hogan*, 136 Vt. at 609, 401 A.2d at 896 (affirming enforcement of probation conditions where probationary period outran maximum sentence for crime committed).

The decision of the Parole Board to place defendant on parole had no effect on his judicially-imposed sentence. See *Glover v. Parole Bd.*, 638 A.2d 929, 930 (N.J. 1994) (holding that parole must be administered within terms of court-imposed sentence); *Rivenbark v. Board of Probation & Parole*, 501 A.2d 1110, 1112 (Pa. 1985). Completion of parole had no bearing on defendant's status as a probationer because he had not been released from probation by the court. Until such time as the court released him from probation, defendant was bound by the probation agreement to refrain from consuming alcohol. By consuming alcohol, defendant violated the probation agreement. We find no error.

*Affirmed.*