**STATE of Vermont v. Brian F. LLOYD**

[740 A.2d 364]

No. 98-321

September 2, 1999. Defendant appeals from a district court sentencing decision, entered pursuant to a plea agreement, that ordered defendant is not to be discharged from probation. He argues that (1) the court is not authorized to order that defendant never be discharged from probation, and (2) the court violated V.R.Cr.P. 11(e)(4) by failing to afford defendant an opportunity to withdraw his plea when it imposed a sentence more onerous than that contemplated by the sentencing agreement. With one clarification, we affirm the decision.

On May 4, 1998, defendant pled nolo contendere to a charge of domestic assault. The plea agreement provided that the parties had agreed to hold a contested sentencing hearing. On June 23, 1998, at the sentencing hearing, however, the parties filed an agreement on sentencing, and no contested hearing was held. The agreement provided a sentence of six-to-twelve months, all suspended except three days, with credit for three days served, and probation. The agreement also required that defendant complete the domestic abuse education program and 200 hours of community service, and that defendant have no contact with the victim unless the victim and the probation officer agreed to such contact. The court imposed the sentence in the agreement "with one modification," that "[d]efendant is not to be discharged from probation." Defendant objected, and now appeals that condition.

First, defendant contends that the court has no authority to order that a probationer never be discharged from probation. The State counters that the court ordered probation for an indeterminate period as authorized by 28 V.S.A. § 205(a), which states: "After passing sentence, a court may suspend all or part of the sentence and place the person so sentenced in the care and custody of the commissioner upon such conditions and for such time as it may prescribe in accordance with law or *until further order of court.*" (Emphasis added.) The record is inconsistent. The written order states that "[d]efendant is not to be discharged from probation," indicating a permanent probationary status from which he may never be discharged. The transcript of the hearing, however, indicates that the judge intended to impose an "indeterminate" probation with "no automatic endpoint." Moreover, the judge indicated that he would reconsider defendant's probation status after "some period of years have gone by."

We resolve this inconsistency by reading the court's written order to be consistent with the order from the bench, and thus, to impose an indeterminate probation period from which defendant is not to be discharged "until further order of court." 28 V.S.A. § 205(a). In this form, the condition is explicitly authorized by 28 V.S.A. § 205(a). Further, defendant may move for termination of the period of probation "at any time if such termination is warranted by the conduct of the offender and the ends of justice." 28 V.S.A. § 251. Consequently, we do not address whether the court is authorized to order a probationer never to be discharged from probation.

Second, defendant contends that our precedent requires either (1) a fixed probationary period or (2) discharge from probation upon completion of specific and clear conditions within the control of the probationer. Our decisions reveal no such

requirements. On the contrary, in *State v. Bensh*, 168 Vt. 607, 608, 719 A.2d 1155, 1157 (1998), we held that "[a] court need not specify a definite period of probation" and that a defendant may be placed on probation until further order of the court. In such cases, the court may release the probationer "when such discharge 'is warranted by the conduct of the offender and the ends of justice.'" *Id.* (quoting 28 V.S.A. § 251). Further, "if no period is specified, probation may last longer than the original sentence." *Id.*

Defendant relies on *State v. White*, 150 Vt. 132, 549 A.2d 1069 (1988). In that case, the defendant was sentenced to a term of zero-to-sixty days, all suspended, with an order of probation, and a fine of $200. The probation warrant also said: "Probation to be discharged at end of 60 days." After the sixty days expired, the State brought a complaint for probation violation because the defendant had not paid the fine. We held that *"in cases where the period of probation is prescribed,* discharge from probation is automatic upon the expiration of the period," and that the court had no jurisdiction over a probation violation proceeding brought after the expiration of the prescribed probation period. *Id.* at 134, 549 A.2d at 1071 (emphasis added). *White* does not require a fixed probationary period; it merely enforces the fixed probationary period that was imposed.

Similarly, in *State v. Murray*, 159 Vt. 198, 617 A.2d 135 (1992), another case upon which defendant relies, the court had ordered a three-year deferred sentence with probation until further order of the court. We held that the agreement for a three-year deferred sentence limited the period of probation to three years. In this context, we concluded that "until further order of the court" authorized the court to shorten, but not lengthen, the probationary period beyond that provided in the agreement. *Id.* at 205, 617 A.2d at 139. Like *White, Murray* does not require a fixed probationary

period; it enforces the three-year limit of the plea agreement. Neither *White* nor *Murray* is analogous to this case because, here, the court specifically ordered an indeterminate, not a fixed, probationary period.

Defendant also relies on *State v. Bubar*, 146 Vt. 398, 505 A.2d 1197 (1985), which requires that the court set specific, clear probation *conditions* within the control of the probationer. Defendant does not argue, however, that any of his probation conditions are unclear; rather, he maintains that *Bubar* requires the probation *term* to be within the control of the probationer. *Bubar* does not require that the court set a fixed probation term or specific, clear conditions for discharge from probation that are within the defendant's control.

Third, defendant argues that the court violated V.R.Cr.P. 11(e)(4) by failing to afford defendant an opportunity to withdraw his plea when the court imposed a sentence more onerous than that contemplated by the sentencing agreement. Defendant contends that the agreement prescribed a period of probation for six-to-twelve months less three days for time served. Our review of the agreement shows no fixed period of probation. Defendant confuses the length of the sentence with the period of probation. The agreement provided for a sentence of six-to-twelve months, but did not specify any fixed period of probation. "[I]f no period is specified, probation may last longer than the original sentence." *Bensh*, 168 Vt. at 608, 719 A.2d at 1157. We therefore reject defendant's contention that the court imposed a sentence more onerous than that contemplated by the parties by imposing an indeterminate probation period.

We agree that the court confused the issue by stating that it was adopting the agreement "with one modification," "an additional condition of probation," "that you not be discharged from probation."

In fact, the court imposed the sentence in the parties' sentencing agreement. The indeterminate period of probation was not "an additional condition," but rather defined the duration of probation, an issue that was not addressed in the sentencing agreement. Contrary to defendant's contention, nothing in the agreement states that the probation period was fixed at six-to-twelve months less three days or that he would be discharged from probation upon completion of the domestic abuse education program and the 200 hours of community service.

*Affirmed; except the probation order is modified to read:*

> *Defendant is not to be discharged from probation until further order of the court.*