**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1807-17T3

MICHAEL WEAVER,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

          Submitted May 15, 2019 – Decided May 29, 2019

          Before Judges Accurso and Vernoia.

          On appeal from the New Jersey Department of Corrections.

          Michael Weaver, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

Michael Weaver appeals from what he contends is the Department of Corrections's (DOC's) final agency decision denying a recalculation of his maximum release date based on a resentencing on some of the charges for which he is incarcerated. See R. 2:2-3(a)(2). Based on our review of the record Weaver presents on appeal, we are convinced his claim lacks merit and affirm.

The statement of facts and procedural history in Weaver's merits brief are bereft of citations to the record. See R. 2:6-2(a)(5). We discern the facts, as best we can, from the judgments of convictions annexed to his brief and the documents annexed to the DOC's brief.

On July 7, 2004, Weaver pleaded guilty to two counts of third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10, under Accusation No. 04-07-0606 (Accusation). On January 30, 2006, he was sentenced to an aggregate three-year term of imprisonment and awarded six days of jail credit.[1]

In 2006, a jury convicted Weaver of six assault and weapons-related offenses under Indictment No. 05-03-0628 (First Indictment). On April 24,

---

[1] The custodial sentence imposed on Accusation No. 04-07-0606 occurred during a January 30, 2006 resentencing for a violation of probation. The judgment of conviction for Weaver's original sentencing is not included in the record.

2006, the court imposed an aggregate ten-year sentence subject to the eighty-five percent period of parole ineligibility and a mandatory three-year period of parole supervision upon release under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The court ordered that the sentence run consecutively to the custodial sentence imposed under the Accusation, and awarded 114 days of jail credit and eighty-five days of gap time credit.[2]

When Weaver was sentenced on the First Indictment, the aggregate of his custodial sentences on the Accusation and First Indictment was thirteen years. After defendant completed his sentence on the Accusation, he was required to serve the ten-year custodial sentence on the First Indictment subject to NERA's requirements, which included serving a three-year period of parole supervision after his release. The DOC calculated that Weaver could be released as early as May 2, 2016, to begin serving his mandatory period of parole supervision, and determined May 2, 2019, was his maximum release date. Weaver did not challenge the DOC's calculation of his maximum release date on the sentences imposed on the Accusation and First Indictment.

---

[2] Weaver's original judgment of conviction on the First Indictment awarded eighty-three days of jail credit. An amended June 27, 2006 judgment of conviction awarded 114 days.

Prior to his sentencing on the Accusation and First Indictment, Weaver was arrested on January 2, 2006. He was subsequently charged in Indictment 07-05-1546 (Second Indictment) with robbery, assault and weapons charges. Three years later, on January 5, 2009, Weaver pleaded guilty to second-degree robbery, N.J.S.A. 2C:15-1, second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(2). The court imposed an aggregate eight-year term of imprisonment subject to NERA, awarded 1057 days of gap time and ordered that defendant serve the sentence concurrently with the sentences under the Accusation and First Indictment.

On May 2, 2016, Weaver was released from custody and began serving the mandatory three-year period of parole supervision imposed on his sentences on the First and Second Indictments. It appears Weaver was arrested six months later, charged in a third indictment,[3] and returned to custody. He then pleaded guilty to several drug-related charges and was sentenced to a five-year custodial term, which he is currently serving.

In January 2017, we reversed a denial of Weaver's petition for post-conviction relief alleging his plea counsel on the Second Indictment was

_____

[3] The third indictment is not included in the record.

A-1807-17T3

ineffective, and remanded for an evidentiary hearing. State v. Weaver, No. A-4159-14 (App. Div. Jan. 23, 2017) (slip op. at 11-12). Weaver has not provided the transcripts of any of the proceedings on the remand, but a July 17, 2017 judgment of conviction states that Weaver was resentenced on the Second Indictment to a five-year, time-served sentence, awarded 4118 days of jail credit and ordered to serve three years of parole supervision upon his release under NERA.

On July 20, 2017, Weaver submitted an Inmate Inquiry Form[4] to the DOC requesting a recalculation of his maximum release date. He asserted that the sentence on the Second Indictment "[was] the controlling term of [his] custodial sentence . . . [and] the [2017] resentencing to a lesser term . . . caused [him] to exceed the maximum expiration date of the custodial term and terms thereafter." On July 28, 2017, the DOC responded that Weaver's maximum release date was controlled by the aggregate sentences imposed on the Accusation and First Indictment. The DOC noted that if Weaver "had been re-sentenced to a lesser term on [the Accusation and First Indictment] that would have an [effect] on the

---

[4] Inmate Inquiry Forms are "utilized to obtain information or make routine inquiries," and constitute the initial step of the Inmate Remedy System, and Inmate Grievance Forms are "utilized to address complaints and/or grievances," and are "used as a second step to a previously submitted 'Inmate Request Form.'" N.J.A.C. 10A:1-4.5(c).

time [he is] serving," and explained that the resentencing on the Second Indictment did not impact the maximum release date on the sentences imposed on the Accusation and First Indictment.

On August 15, 2017, the DOC completed an "Additional/Amended Sentence Check Sheet" and determined there was "[n]o change in [Weaver's] max[imum release date]" of May 2, 2019, because his sentence under the First Indictment controlled his maximum release date. On August 20, 2017, Weaver again argued through his Inquiry Grievance Form that his maximum release date "of 5/2019 is to be adjusted." On August 22, 2017, the DOC responded in an email stating that Weaver's "[i]ssue ha[d] been reviewed," that "Classification reviewed [Weaver's] file and [his] [judgment of conviction]/re-sentence," "[Weaver was] provided with a response," and that the "[c]ase [was] [c]losed."[5] This appeal followed.

Weaver presents the following arguments for our consideration:

> POINT I
>
> FAILURE TO CALCULATE THE RE-SENTENCING TO DETERMINE MANDATORY MINIMUM/EXPIRATION OF TERM.

---

[5] We denied Weaver's motion to consider his appeal without a final agency decision, but ordered that the August 22, 2017 email constituted the DOC's final agency decision.

A-1807-17T3

POINT II

PRIOR SERVICE CREDIT AND JAIL CREDIT AFTER DETERMINATION OF MANDATORY MINIMUM/EXPIRATION OF TERM SHALL BE COMPENSATED FOR IN A MEANINGFUL WAY.

Based on our review of the record, we are convinced Weaver's arguments concerning the DOC's purported miscalculation of his maximum release date are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E). We note only that Weaver's claims are based on an erroneous factual and legal premise: that his maximum release date was affected by his resentencing on the Second Indictment. In fact, his May 2, 2019 maximum release date is based on the aggregate thirteen-year sentence imposed in 2006 on the Accusation and First Indictment. A decision of an administrative agency carries with it a presumption of reasonableness, City of Newark v. Nat. Res. Council, 82 N.J. 530, 539 (1980), and will not be reversed absent a showing that it was arbitrary, capricious, or unreasonable, or that it violated legislative policies, Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). Weaver has made no such showing here.

The record also shows the DOC's calculation of his maximum release date and mandatory period of parole supervision includes a proper application of all of the credits awarded in the respective judgments of conviction. To the extent

7

defendant argues the sentencing courts did not correctly award credits to which he is entitled, Weaver must make an application to the sentencing courts to correct the sentences imposed. The DOC is not permitted to ignore or disregard the terms of the court's judgments of conviction. See Glover v. N.J. State Parole Bd., 271 N.J. Super. 420, 423 (App. Div. 1994).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                    A-1807-17T3